[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By its verdict of January 11, 1999, the jury allocated negligence between the plaintiff, Diane Orsini, and the defendants as follows: CT Page 3568
plaintiff — 20%
defendants- 80%.
The jury also determined that $7,000.00 represented plaintiffs total economic damages and $500.00 represented her total noneconomic damages.
Thereafter, plaintiff moved to set aside the verdict "with respect to the allocation of negligence between the plaintiff and defendants". She also requested "a fair and reasonable additur with respect to the award of damages" and "[i]f such additur is ruled by the court and not filed within a reasonable time plaintiff moves for a new trial limited to damages". (Plaintiff's motion to set aside and for additur dated January 15, 1999, pg. 1)
Plaintiff contends that ". . . the cited portions of the verdict are contrary to the laws and evidence in this case and that the verdict as to damages is inadequate as a matter of law due to the jury's failure to award fair, just and reasonable damages". Id.
Defendant argues that the testimony of Richard Russell, the passenger in defendant's vehicle, to the effect that plaintiff was traveling along side of defendant's vehicle for a period of time immediately prior to the collision shows "that the plaintiff's speed was equivalent to that of the Wells Fargo vehicle which the plaintiff claims was unreasonable". Additionally, defendant's argue that plaintiff's testimony indicating that she was unaware at first, that her vehicle had been struck by defendant's vehicle provides ample evidence to support a conclusion that she was "inattentive or otherwise failed to use reasonable care to avoid the accident". (Defendant's memorandum in opposition to motion to set aside and for additur, February 1, 1999, pg. 3)
However, as indicated in plaintiff's memorandum dated February 3, 1999, only three individuals witnessed the collision and "they were the plaintiff Orsini, the defendant truck driver, Richard Westman and his passenger and co-worker Russell.
"Westman, the defendant truck driver, testified he did not know the truck he was driving had struck plaintiff's car until CT Page 3569 told so, after the accident, by Russell. Because he was unaware of plaintiff's car until after the accident had occurred, he obviously could offer no support for the claim that plaintiff's negligent operation caused the motor vehicle accident. And, in fact, Westman offered no such evidence to that effect.
Russell testified that he was riding in the front passenger seat of the truck and that he had seen the plaintiff's car before the motor vehicle accident. He said that from his elevated vantage point (i.e. raised above the level of the plaintiff's Buick) just prior to the collision, he could see into the Buick's passenger compartment and see plaintiff herself, as well as her car, as she was driving along I-84. . . He testified she did not appear to know that she was about to be struck by the Wells Fargo truck. In response to direct questioning he said that plaintiff did nothing to cause the accident. He further testified that even had she anticipated the crash she could have done nothing to avoid it.
The plaintiff testified that she was in the right lane when the truck suddenly and unexpectedly came into her lane and pushed her off the highway and into the guide rails to her right. Westman, Russell and the plaintiff provided the only direct evidence as to how the crash occurred. . . ." Consequently, as correctly argued by plaintiff, there is no evidence that she negligently contributed in any way to causing the accident. Therefore, the jury award allocating 20% of the negligence to plaintiff is erroneous as a matter of law and is set aside.
Judgment is entered without allocation of negligence to the plaintiff.
Plaintiff also seeks an additur and, if an additur is ruled but not complied with, a new trial as to damages.
While there is no doubt that the plaintiff has suffered serious back injuries, the jury, well within its authority, could have rejected some or even all of the uncontested evidence supporting plaintiff's position. As a result, the jury could have properly determined that defendant's negligence was not a proximate cause of some or all of those injuries and losses. In light of this, the jury award is not inadequate as a matter of law.
The plaintiff's motion for additur is denied. CT Page 3570
THOMAS G. WEST, J.